IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: ) | | |
| Thomas Kevin Teachout ) | | |
| Plaintiff, ) | | |
|     Plaintiff, ) | | Case No. |
| ) | | |
| vs. ) | | Judge |
| ) | | Magistrate Judge |
| TRANSUNION, ) | | |
| EXPERIAN INFORMATION ) | | |
| SOLUTIONS, INC., ) | | JURY DEMAND |
| CARMAX AUTO FINANCE ) | | |
| ) | | |
|     Defendants. ) | | |

## CIVIL ACTION COMPLAINT

### Introduction

1. This is an action against Carmax Auto Finance for contempt and a request for sanctions for violations of the Plaintiff's bankruptcy and for breach of contract.

2. This is also an action for damages brought by an individual consumer against Transunion and Experian for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. 1681 et seq., as amended.

### Jurisdiction and Venue

3. Jurisdiction of this Court for under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code. This court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon

section 1331 of Title 28 of the United States Code.

4. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## Parties

6. The Plaintiff in this case is a citizen and resident of Maury County TN. The Plaintiff is hereinafter referred to as "Plaintiff".

7. The Defendant, Carmax Auto Finance (hereafter CAF) was a creditor listed and discharged in the Plaintiff's bankruptcy and a creditor that does business in the state of Tennessee. CAF may be served through its registered agent, Corporation Service Company, 2908 Poston Ave, Nashville, TN 37203-1312.

8. The Defendant, Experian Information Solutions Inc., (hereafter EX) is a corporation that transacts business in the Tennessee will be served through its registered agent, Experian Information Solutions Inc. C/O CT Corporation System,300 Montvue Road Knoxville TN 37919-5546.

9. The Defendant, Transunion LLC, (hereafter TU) is a corporation that transacts business in Tennessee and will be served through the registered agent, Transunion LLC c/o The Pretice-Hall Corporation System, Inc., 2908 Poston Ave, Nashville, TN 37203-1312.

## Factual Allegations

10. The Plaintiff filed a Chapter 7 petition December 27, 2018.

11. All of the Defendants were provided with notice of the bankruptcy filing by listing each one in the Plaintiff's petition. The BNC notice regarding the meeting of creditors is attached as Exhibit 1. This was also CAF's first notice regarding the bankruptcy.

12. CAF filed a proof of claim, which is attached as Exhibit 2.

13. The Plaintiff and CAF entered into a reaffirmation agreement which is attached to this complaint as Exhibit 3. The reaffirmation was CAF's second acknowledgment of the bankruptcy.

14. The Plaintiff properly rescinded the agreement, a copy is attached as Exhibit 4. The Plaintiff's notice rescinding the reaffirmation was CAF's third acknowledgment of the bankruptcy.

15. The Plaintiff's case was discharged on March 27, 2019. The Plaintiff attaches a copy of the discharge as Exhibit 5. The discharge is CAF's fourth notice regarding the bankruptcy.

16. Following the discharge, CAF continued to attempted to collect from the Plaintiff. CAF sent a collection demand in October 2019, copy attached as Exhibit 6.

17. In response, Plaintiff's counsel sent a stop collection letter to CAF, attached as Exhibit 7. This stop collection letter is CAF's fifth notice regarding thee Plaintiff's bankruptcy.

18. Following the stop collection letter, Exhibit 7, not only did CAF continue to try and collect. CAF also advised that as of February 20, 2020, CAF updated the Plaintiff's tradeline as account charged off meaning that inaccurate information was reporting to the credit reporting agencies. CAF's collection demand from February 2020 is attached as Exhibit 8 and CAF's collection demand from April 10, 2020 is attached as Exhibit 9.

19. On April 14, 2020, plaintiff's counsel filed to reopen the bankruptcy to file this complaint and CAF was noticed on that motion and subsequent Order. These notices were CAF's sixth and seventh notices regarding this bankruptcy.

20. On April 17, 2020, the Plaintiff sent dispute letters directly to EX, EQ and TU along with all relevant proof in an attempt to cause the reporting agencies to correct his credit reports.

21. Following the disputes with all Defendants, the EX, TU and CAF still have not corrected the Plaintiff's credit reports.

22. EX and TU responded with inaccurate information after the dispute.

# CAUSES OF ACTION

## Count One- Breach of the Parties Reaffirmation Agreement-CAF
### (Breach of Contract)

23. Plaintiff incorporates by reference all of the above factual allegations and Exhibits as if fully set forth herein.

24. A contractual relationship exists between the Plaintiff and CAF.

25. Plaintiff signed a reaffirmation agreement partly based on the wording in the agreement's disclosure allowing for recision.

26. Part 5 of the disclosure statement attached to the reaffirmation agreementcontains the following language :

> You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed".

27. The Reaffirmation was filed with the Court on February 18, 2019. On March 20, 2019, the plaintiff filed a timely notice rescinding the reaffirmation, see Exhibit 4.

28. CAF actually had no intention of ceasing collection of the Plaintiff's account.

29. The agreement was signed between the parties, the Plaintiff relied on the agreement and has suffered damages as a result of CAF's breach.

## Count Two- Contempt and Sanctions- 11 U.S.C. §105, 362 & 524- CAF

30. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

31. CAF has received at least seven notices regarding the Plaintiff's bankruptcy.

32. CAF has actual knowledge of the Plaintiff's bankruptcy but continues to contact the

Plaintiff to collect via collection demands and inaccurate credit reporting.

33. CAF has violated the automatic stay for fees and charges assessed prior to the Plaintiff's discharge and has violated the discharge injunction by continuing to collect and negatively reporting information to the credit agencies in an attempt to collect from the Plaintiff.

34. Exhibit 2 shows the amount owed as of the filing of the Proof of Claim.

35. Exhibit 6 clearly shows that additional charges have been assessed against the Plaintiff's account. Exhibit 6 also threatens the Plaintiff with legal action and indicates that the Plaintiff will be responsible for paying for the court cost and attorneys fees.

36. Exhibit 8 indicates that after the sale proceeds the Plaintiff is still liable for $10,987.44 and that CAF is reporting a charge off balance to the bureaus.

37. Exhibit 9 indicates that after the Plaintiff is still liable for $11,143.35. This letter also advises the Plaintiff that the letter is an attempt to collect a debt.

38. CAF's action are willful and intentional with multiple notices of the bankruptcy.

39. Pursuant to 11 U.S.C. sections 105, 362 and 524, the Plaintiff asks that CAF be found in contempt and the Plaintiff awarded sanctions for CAF's deliberate and continued violations. The Plaintiff is entitled to recover actual damages including emotional distress, attorney's fees and punitive damages for the CAF's intentional and wilful violations.

## Count Three- Violations of FCRA- TU and EX

40. Plaintiff incorporates by reference all of the above factual allegations and Exhibits as if fully set forth herein.

41. At all times pertinent hereto, EX and TU are "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

42. At all times pertinent hereto, the Plaintiff is a "consumers" as that term is defined by 15 U.S.C. § 1681.

43. At all times pertinent hereto, the above-mentioned reports are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

44. At all times pertinent hereto, the above-mentioned reports are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

45. Plaintiff notified EX and TU that his credit report contained inaccurate information and provided proof so that EX and TU would correct the problem. EX and TU failed to comply with all the requirements of the FCRA including, but not limited to, the provision of 15 U.S.C. section 1681e(b), 15 U.S.C. section 1681i, 15 U.S.C. section 1681n and 15 U.S.C. section 1681o.

46. On April 17, 2020, sent TU a dispute letter with evidence, copy attached as Exhibit 10.

47. The dispute included the Plaintiff's name, address, social, BK number, date of filing and date of discharge. Attached to the dispute letter, the Plaintiff provided the creditors matrix, CAF's proof of claim, the discharge and the notice f rescission.

48. On April 17, 2020, sent EX a dispute letter with evidence, copy attached as Exhibit 11.

49. The dispute included the Plaintiff's name, address, social, BK number, date of filing and date of discharge. Attached to the dispute letter, the Plaintiff provided the creditors matrix, CAF's proof of claim, the discharge and the notice f rescission.

50. EX and TU prepared, compiled, issued, assembled, transferred, published and otherwise reproduced Consumer Reports regarding Plaintiff which contained information that was false, misleading and inaccurate when the Plaintiff disputed the information. EX and TU failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more 3rd parties pertain to the Plaintiff' in violation of 15 U.S.C. 168e(b), such failure resulting and erroneously incorrect information being reported on the Plaintiff' credit report. TU's response is attached as Exhibit 12 and EX's response is attached as Exhibit 13.

51. EX and TU further failed to maintain and/or follow reasonable procedures to assure

maximum possible accuracy of the information it reported by failing to apply procedures to take action to correct and/or delete the false reporting despite circumstances it knew or reasonably should have known that it was mis-reporting the Plaintiff' information.

52. As a result of EX and TU's failure to comply with the requirements of 15 U.S.C. 1681e(b), the Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, the loss of opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with the Plaintiff's normal and usual activities for which the Plaintiff seeks damages in an amount to be determined by the jury.

53. EX and TU 's failure to comply with the requirements of 15 U.S.C. 1681e(b) is negligent within the meaning of 15 U.S.C. section 1681o.

54. As a direct and proximate result of EX and TU's negligent violation of 15 U.S.C. section 1681e(b) in failing to maintain and follow reasonable procedures to assure maximum possible accuracy of information it reported on the Plaintiff's credit report, the Plaintiff has suffered actual damages as set forth herein.

55. EX and TU's failure to comply with the requirements of 15 U.S.C. section 1681e(b) is willful within the meaning of 15 U.S.C. section 1681n(a).

56. EX and TU, pursuant to its corporate policy, did not maintain procedures for maximum possible accuracy in reporting by proper responses to dispute notification by the Plaintiff, rather according to its corporate policy, EX and TU failed to investigate Plaintiff's claims that the defendant was misreporting credit information. EX and TU did not take any steps to check and see if the Plaintiff's credit report was accurate or otherwise investigate the Plaintiff's claim.

57. EX and TU knew or should have known that it operated with reckless disregard of the risk that its corporate policy creates an unrealistic risk of violation of the statutory consumer protections

of the fair credit reporting act and the Plaintiff would be harmed by its policy.

58. As a direct and proximate result of EX and TU's willful violations of 15 U.S.C. 1681e(b) by failure to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported regarding the Plaintiff's credit history, Plaintiff is damaged and EX and TU are liable to the Plaintiff for the actual damages Plaintiff sustained by reason of such conduct together with statutory and punitive damages as well as reasonable attorney fees and costs pursuant to 15 U.S.C. section 1681n.

59. At one or more times after receiving the Plaintiff's notice of dispute, EX and TU breached its 15 U.S.C. section 1681(a)(1)(A) duty to conduct a reasonable dispute reinvestigation, including:

1. By otherwise failing to conduct actual dispute investigation,
2. By otherwise failing to conduct only a superficial investigation;
3. By conducting an investigation that merely looked to see whether the disputed information was reported and was received from CAF rather than considering whether the substance of the information was accurate;
4. By failing to consider or evaluate the fact of a credit reporting agency had deleted the Plaintiff's disputed account information;
5. By failing to contact the Plaintiff directly to learn for of the reason for the dispute and/or their explanation of the facts or any missing information;

60. EX and TU failed to conduct a meaningful investigation as to the quality of responses of the credit information furnishers had provided and by failing to evaluate the dispute identified by the Plaintiff and instead deferred to the an adequate investigation and responses by the credit information furnishers despite knowledge of the probability of lack of thorough investigation upon the initial dispute notice.

61. EX and TU failed to properly reinvestigate the Plaintiff's dispute, perform perfunctory and essentially useless investigation and/or reinvestigation's resulting in their inaccurate verification of false reports and continued to prepare and issue false consumer report including false, derogatory information concerning the Plaintiff's credit report.

## Actual Damages

62. The Plaintiff incorporates herein by reference all preceding paragraphs as if fully set forth herein.

63. In this action, the Plaintiff has suffered the following actual damages:

    a. Missed work
    b. Travel expenses
    c. Attorney fees
    d. Mailings
    e. Cost
    f. Credit Damage
        - Increased out of pocket expenses
        - Loss of credit expectancy
        - Loss of credit capacity
    g. Emotional distress- stress and anxiety

**WHEREFORE**, the Plaintiff having set forth the claims for relief against the Defendant, pray the following:

A. That all Defendants be required to answer this Complaint;

B. Actual damages or statutory damages to be determined by the jury;

C. Punitive damages to be determined by a jury;

D. Injunctive relief;

E. Attorney's fee;

F. Cost and expenses incurred in this action;

G. Such other relief as this Court may deem just and proper.

## **TRIAL BY JURY IS DEMANDED**

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demand a trial by jury on all issues so triable.

Date this the   24th   day of     June     , 2020.

/s/ Keith D Slocum
Keith D. Slocum BPR 023024
Harlan, Slocum & Quillen
39B Public Square
PO Box 949
Columbia, TN 38402
Phone – 931-381-0660
Fax – 931-381-7627
keith@robertharlan.com
bknotices@robertharlan.com
*Attorney for Plaintiffs*

Exhibit List:

1. BNC Notice of MOC
2. Proof of Claim
3. Reaffirmation
4. Recession of Reaffirmation
5. Discharge
6. Collection demand 10.2019
7. Stop Collect Letter
8. Collection Demand 2.2020
9. Collection Demand 4.2020
10. TU Dispute Letter
11. EX Dispute Letter
12. TU Dispute Result
13. EX Dispute Result